NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.N. and S.N., on behalf of K.N., a minor, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-517 (DMC) |
| BOARD OF EDUCATION OF THE : | |
| TOWNSHIP OF OLD BRIDGE, : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before the Court upon motion for summary judgment by Defendant Board of Education of the Township of Old Bridge ("Defendant") against Plaintiffs S.N. and S.N., on behalf of their minor child, K.N. ("Plaintiffs"). Also pending before the Court is Plaintiffs' motion for leave to submit additional evidence and judgment on the supplemental record. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the following reasons, Plaintiffs' motion for leave to submit additional evidence is **granted** and Defendant's motion for summary judgment is **denied**.

## I. BACKGROUND

     This case arises under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. §§ 1400-85. The IDEA mandates that all states receiving federal funds must ensure that all children with disabilities between the ages of three and twenty-one residing in the state have available to them a free, appropriate public education ("FAPE"). Pursuant to that statute, its

implementing regulations, and New Jersey law, Plaintiffs filed a request for a due process hearing with the Office of Special Education Programs of the New Jersey Department of Education on July 8, 2002. (OAL Decision at 1.)  Plaintiffs sought modification of K.N.'s Individualized Education Program ("IEP") such that it would conform to the recommendations of an independent evaluator to place K.N. in a specialized out of district program. (Id. at 2.) An Administrative Law Judge ("ALJ") at the Office of Administrative Law held the due process hearing over eleven days on September 5, October 3, 11, 21, and 22, November 22 and 25, and December 18, 2002, and January 13, and February 5, 2003. (Id.) During the course of the hearing, the ALJ heard the testimony of three witnesses for Plaintiffs, including K.N.'s mother, S.N., and fourteen witnesses for Defendant. (Id. at 43.)  The ALJ also admitted approximately 95 documents into evidence. (Id. at 40-43.)  The record was closed to further evidence on May 9, 2003, after briefs were submitted following the hearing. (Id. at 2.)  The ALJ rendered a final decision on November 25, 2003, finding that "the evaluations produced by [Defendant's] staff were based on appropriate testing and ample opportunity to assess K.N.'s educational status, deficits, and needs." (Id. at 38).

On February 11, 2004, Plaintiffs brought this case as natural guardians of their son, K.N. against Defendant, charging that Defendant has not fulfilled its statutory obligations to K.N. under the IDEA.  Specifically, Plaintiffs contend that the IEP proposed by Defendant's Child Study Team ("CST") for K.N. improperly classified him as other health impaired ("OHI") or specific learning disabled ("SLD") and placed him in a special education program at his local middle school for the 2002-2003 school year ("SY").  Plaintiffs assert that K.N. should be classified as autistic and placed in an out of district program for students with Aspergers disorder

("the Access Program"). Plaintiffs appeal the findings of the ALJ at the state education agency level with respect to the appropriateness of K.N's classification and placement. On July 22, 2004, Defendant submitted the instant motion for summary judgment on the basis of the administrative record. That same day, Plaintiffs filed the instant request for leave to submit the psychiatric evaluation of K.N. conducted by Dr. Pamela F. Moss, M.D., on July 18, 2003, after the record had closed in the administrative hearing.

## II. DISCUSSION

### A. Standard of Review

#### 1. Administrative Proceedings

This Court has "modified de novo" review over the findings of the ALJ. S.H. v. State-Operated School District of the City of Newark, 336 F.3d 260, 270 (3d Cir.2003). Thus, review of an appeal of a state administrative decision under the IDEA "differs from that governing the typical review of summary judgment." Heather S. by Kathy S. v. State of Wisconsin, 125 F.3d 1045, 1052 (7th Cir.1997). Section 1415(i)(2)(B) of the IDEA provides that a district court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B).

Additionally, the Supreme Court requires that courts afford due weight to state administrative proceedings in evaluating claims under the IDEA. See Board of Education v. Rowley, 458 U.S. 176, 206 (1982). This means that the court is "required to defer to the ALJ's factual findings unless it can point to contrary nontestimonial extrinsic evidence on the record." S.H., 336 F.3d at 270. This is especially true if no new evidence is presented to the district court;

in such instances, "the motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." Heather S., 125 F.3d at 1052 (internal quotations omitted). Since Plaintiffs seek leave to present new evidence, this Court must determine whether it will consider this evidence or decide the case based upon the administrative record.

### 2. Additional Evidence

The decision whether to admit or exclude additional evidence in an IDEA judicial review proceeding falls within the discretion of the district court. Susan N. v. Wilson School District, 70 F.3d 751, 760 (3d Cir.1995). However, in utilizing this discretion the court must evaluate the proffered evidence before it may make a determination to exclude it. Id. at 759. Although "a district court appropriately may exclude additional evidence," the court must be careful to "exercise particularized discretion in its ruling so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." Id. at 760.

When it does choose to admit additional evidence, the court also has discretion to determine how much deference to accord the administrative proceedings, and it is "free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record and whether they are consistent with the requirements of the [IDEA]." Oberti v. Board of Educ. of the Borough of Clementon School District, 995 F.2d 1204, 1220 (3d Cir.1993). "In contrast, where the District Court does not hear additional evidence it must find support for any factual conclusions contrary to the ALJ's in the record before it." S.H., 336 F.3d

at 270.  Furthermore, the court may consider evidence of a student's progress acquired subsequent to the development of the IEP <u>only</u> to determine "whether the original IEP was reasonably calculated to afford some educational benefit," because "neither the [IDEA] nor reason countenance 'Monday Morning Quarterbacking' in evaluating the appropriateness of a child's placement." <u>Susan N.</u>, 70 F.3d at 762 (internal quotations omitted).

**B. <u>Plaintiffs' Motion</u>**

Plaintiffs contend that this Court should accept and consider additional evidence that is not a part of the administrative record in this case.  Specifically, Plaintiffs seek leave to supplement the administrative record with the psychiatric report of K.N. completed by Dr. Pamela F. Moss, M.D., on July 18, 2003.  The report details K.N.'s continuing social and emotional difficulties, and offers the following summary and recommendations:

> [K.N.] cannot develop age appropriate peer relationships.  He has limited social and emotional reciprocity....
>
> [K.N.] verbalizes much anger and animosity toward his classmates.  He does not appreciate his part in the peer problems.  [K.N.] appears to be overwhelmed by the peer problems.  He has limited ability to understand complex social interactions and limited impulsive control to conform his behavior....
>
> Though I do not believe that [K.N.] is an immediate danger to others, I believe that he could become dangerous in the current school placement and act out without fully realizing the significance of his actions.  Because of this, it is my recommendation that [K.N.] be transferred to an out of district placement.  He requires a highly supervised educational environment with a school staff skilled in working with complex cases.
> (Report of Dr. Pamela F. Moss, M.D., dated Jul. 18, 2003, ("Moss Report") at 4-5.)

Plaintiffs argue that K.N.'s social and emotional functioning, as detailed in the Moss Report, are highly relevant in evaluating whether K.N. is receiving a FAPE and whether the IEP

-5-

is meeting his educational needs.  Plaintiffs' primary complaints about the inadequacy of K.N.'s IEP are that the program "fail[s] to address significant areas of need related to social skills, emotions and anxiety, impulsivity, attention, and organization" and that K.N. "needs a program that not only includes substantial social skills training, but that fully integrates such training throughout the curriculum." (OAL Decision at 30-31.)  As such, this Court agrees with Plaintiffs' assertion that the Moss Report is indeed relevant to an evaluation of K.N.'s IEP.

Defendant argues that the Moss Report is irrelevant to a determination of the appropriateness of K.N.'s IEP.  Defendant asserts that because "Plaintiffs are asking the Court to assess the appropriateness of the IEP developed for the 2002-03 SY when Dr. Moss's report was not yet available," the Report has no bearing on whether the IEP was appropriate at the time it was made. (Def.'s Br. in Opp'n to Pl.s' Mot. for Leave to Submit Additional Evidence ("Def.'s Opp'n Br.") at 9.)  However, Defendant's argument overlooks the instruction of the Third Circuit in Susan N., that a court may consider evidence of a student's progress acquired subsequent to the development of the IEP to determine "whether the original IEP was reasonably calculated to afford some educational benefit." 70 F.3d at 762.  Thus, the Moss Report of K.N.'s social and emotional functioning is an appropriate consideration here, as it may offer some insight into whether the IEP was reasonably calculated to benefit the development of K.N.'s social skills.  Accordingly, the Court grants Plaintiffs leave to submit the Moss Report into evidence.

Defendant argues that it should be afforded an opportunity to supplement the administrative record with evidence "that the report was properly reviewed and considered by the CST in the development of K.N.'s program." (Def.'s Opp'n Br. at 15.)  It is unclear to the Court

how Defendant intends to produce such evidence, given that Defendant has previously asserted that the Moss Report is not relevant as it was not available at the time the IEP was developed. In any event, the Court will grant leave to Defendant to submit limited additional evidence relating only to its subsequent review of the Report.

## C. Defendant's Motion

Defendant has moved for summary judgment in its favor on the basis of the administrative record at the state level. As this Court has determined to admit supplemental evidence in this matter, the record is not yet complete, and summary judgment is not appropriate at this time. Accordingly, Defendant's motion is denied.

## III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for leave to submit additional evidence is **granted**. Additionally, Defendant's motion for summary judgment is **denied**. An appropriate Order accompanies this Opinion.

                S/ Dennis M. Cavanaugh
                Dennis M. Cavanaugh, U.S.D.J.

Date:        June 27, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File