NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.N. and S.N. on behalf of K.N., a minor, | Civil Action No. 04-517 (SRC) |
| Plaintiffs, | |
| v. | OPINION |
| OLD BRIDGE TOWNSHIP BOARD OF EDUCATION, | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court upon Defendant Old Bridge Township Board of Education's ("Old Bridge School District") motion to dismiss Plaintiffs' Complaint (docket item #22) under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion to dismiss and cross-move for leave to amend the Complaint (docket item # 23). The Court has considered the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion will be granted and Plaintiff's motion will be denied.

**I.    BACKGROUND**

      Plaintiffs initiated this action brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., to seek review of an administrative determination that the individualized education program ("IEP") prepared by the Old Bridge School District for their minor son, K.N., for the 2002-03 school year provided the minor with a

free and appropriate education ("FAPE") as required by the IDEA.  The subject IEP entailed K.N.'s continuing placement in the Old Bridge Middle School.  (Complaint, ¶1.)  K.N.'s parents, however, felt that this placement was not appropriate to meet their son's needs, and instead believed that the IEP should provide for an out-of-district placement in a smaller school setting.  (Complaint, ¶¶ 24-25.)  Thus, on July 3, 2002, K.N.'s parents, S.N. and S.N., filed a request for a due process hearing with the New Jersey Department of Education's Office of Special Education Programs to challenge the IEP.  (Complaint, ¶ 26.)  Following a hearing before the New Jersey Office of Administrative Law, the administrative law judge denied S.N.'s claims on December 3, 2003.  (Complaint, ¶ 31.)

Thereafter, S.N. and S.N. filed this action on behalf of K.N., seeking review of the ALJ decision pursuant to the IDEA, 20 U.S.C. § 1415(i)(2).  The Complaint, which was filed on or about February 6, 2004, alleges that the subject IEP "fails to adequately address K.N.'s unique educational needs" and that the "Old Bridge Middle School ("Middle School"), where defendant has placed K.N., does not have the capacity to meet his needs to ensure his safety."  (Complaint, ¶ 1.)  To remedy this alleged violation of the IDEA, Plaintiffs pray that the Court direct the Old Bridge School District to revise the IEP for 2002-03 consistent with the recommendations of a psychologist and a psychiatrist who evaluated K.N.  (Complaint, ¶ 2 and Prayer for Relief.)  The Complaint also asserts a claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).[1]

---

[1] The Third Circuit has observed that "[w]hile IDEA is phrased in terms of a state's affirmative duty to provide a free, appropriate public education, the Rehabilitation Act is worded as a negative prohibition against disability discrimination in federally funded programs." W.B. v. Matula, 67 F.3d, 484, 492 (3d Cir. 1995).  Thus, this Court has noted "that the requirements imposed under § 504 substantially duplicate those provided under IDEA." P.N. v. Greco, 282 F.Supp.2d 221, 241 (D.N.J. 2003) (citing Matula, 67 F.3d at 492-93.)

From 2002 until January 2006, K.N. remained enrolled in the public schools of the Old Bridge School District. (Affidavit of S.N., ¶ 5.) In or about January 2006, while this action was pending, Plaintiffs and their son K.N. moved out of state. (Id., ¶ 4.) K.N. transferred to Hickman High School, located in the school district of Columbia, Missouri. (Id.)

II.   **LEGAL ANALYSIS**

    A.   <u>**Standard of Review**</u>

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975); <u>Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.</u>, 140 F.3d 478, 483 (3d Cir. 1998); <u>Robb v. Philadelphia</u>, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.[2] See <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Zynn v. O'Donnell</u>, 688 F.2d 940, 941 (3d Cir. 1982).

---

[2] The parties have presented to the Court one matter outside the Complaint. Specifically, Defendant bases a great deal of its argument on Plaintiffs' move out of state. This fact is not in dispute, and moreover, is matter of public record. Thus, the Court has considered it in evaluating the instant motion.

**B.     Discussion**

The Old Bridge School District moves for dismissal of Plaintiffs' Complaint on the grounds that Plaintiffs' claims are moot. It argues that because the Court could not grant the relief requested by Plaintiffs - namely, that the Court order the Old Bridge School District to implement a revised IEP for K.N. - the case must be dismissed as moot. In response, Plaintiffs have asked the Court for leave to amend the Complaint to expand the challenge to all IEPs developed by Defendant for K.N. from September 2002 to January 2006 and to revise their prayer for relief to ask for reimbursement for the costs of a life coach.

1.     Motion To Dismiss

The Court's inability to grant Plaintiffs the relief that they seek in the Complaint compels a dismissal of this case. Even if all allegations in the Complaint were true, and even if Plaintiffs prevailed on motion or at trial on their claims, this Court could not order the Old Bridge School District to implement the revised IEP Plaintiffs pray for in the Complaint. Nor could the Court grant any other relief contemplated by the claims pled in the Complaint. This situation fits the very definition of mootness.

The United States Court of Appeals for the Third Circuit has held that "if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Plaintiffs in this case request only prospective relief, which would be impossible to grant. The Court cannot order the Old Bridge School District to develop an IEP for K.N. that is consistent

with the recommendations of certain private evaluators because K.N. is no longer a student in the Old Bridge School District. He and his parents have moved to Columbia, Missouri, and the parties inform the Court that K.N. is now a student in the Columbia, Missouri school district.

Dealing with an analogous situation, the United States Court of Appeals for the Seventh Circuit vacated the district court's judgment on the merits as moot in the case of Bd. of Educ. of Oak Park v. Nathan R., 199 F.3d 377 (7th Cir. 2000). In that case, the school district expelled Nathan R., who was receiving special education services. Id. at 378. The administrative law judge determined that the school district was obligated to provide Nathan R. with special education services during his expulsion, and the school district sought review of this decision in the district court. Id. at 379. The district court granted the school district's motion for summary judgment, and Nathan R.'s parents appealed. Id. at 379-80. The Seventh Circuit vacated the district court's judgment on the merits as moot and remanded the case for dismissal. Id. at 382. The Court reasoned that the school district's action was moot because "Nathan graduated from high school in 1998, and no action this court might take would affect his or the School's rights." Id. at 381 (citing Rhodes v. Stewart, 488 U.S. 1, 4 (1988) (per curiam) (stating that judgment for the plaintiffs would have afforded them no relief whatsoever and thus the action was moot)).

This Court finds the Nathan R. decision persuasive because, just as in that case, the IDEA claims relate to an individual who is no longer a student in the school district either bringing the challenge (as in Nathan R.) or defending against it (as is the case here). Plaintiffs rely on C.M. v. Bd. of Educ. of the Union County Reg. High School Dist., 148 Fed.Appx. 876 (3d Cir. 2005), in an attempt to salvage their claims, but that case is distinguishable from the case at bar. The C.M. court held that the plaintiff's claims for violations of the IDEA were not moot because even

though B.M. (the student at issue) had graduated from high school, the remedies he sought could still be ordered by the Court. Id. at 87-880. Contrasting the Seventh Circuit's decision in Nathan R., the C.M. court reasoned that B.M. did not only seek special education services, which could only be provided while he was in high school, but rather sought "a full panoply of remedies, including declaratory and injunctive relief and compensatory and punitive damages." Id. at 880. In other words, the C.M. plaintiffs pled for remedies that did not "expire upon graduation." Id.

In contrast, the remedy sought by Plaintiffs in this case conclusively expired upon Plaintiffs' voluntary removal of K.N. from the Old Bridge School District, if not sooner arguably. Plaintiffs argue that the Court is not limited to the relief specifically demanded in the Complaint, and, in fact, is empowered to award other relief for an IDEA violation. Fed.R.Civ.P. 54(c); 20 U.S.C. § 1415(i)(2)(B)(iii); Matula, 67 F.3d at 494-95. Plaintiffs are correct. "The question whether a plaintiff has stated a claim turns not on 'whether [he] has asked for the proper remedy but whether he is entitled to any remedy.'" City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (quoting Wright & Miller, Federal Practice and Procedure s 1664). Moreover, the IDEA authorizes a court to grant a prevailing party "such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B)(iii). Nevertheless, their argument is unavailing because it remains that this Court cannot award other available remedies.

The Court cannot award the remedy of compensatory education. This remedy entails providing special education services for the amount of time the student was subjected to an inappropriate education and/or reimbursement for education expenses that were incurred as a result of a parent's unilateral change of placement for his or her child's education. School Comm. of Burlington v. Mass. Dep't of Educ., 471 U.S. 359, 370-71 (1985); Lester H. v.

Gilhool, 916 F.2d 865 (3d Cir.), cert. denied, 499 U.S. 923 (1991); M.C. v. Cent. Reg. School Dist., 81 F.3d 389, 395-96 (3d Cir. 1996).  Based on the facts alleged in the Complaint, K.N. remained in the Old Bridge School District for the 2002-03 school year, which is the year for the IEP challenged in this lawsuit.  Plaintiffs did not place their son elsewhere at their own expense.  Given Plaintiffs' voluntary move out of the Old Bridge School District and their failure to obtain a school placement for their son at their own expense, this Court cannot order the Old Bridge School District to provide K.N. - who now lives in Missouri -  with special education services or to reimburse the parents for a non-existing expense.  In short, Plaintiffs' own actions have made any relief, including an award compensatory education, impossible.

Moreover, although in Matula, the Third Circuit held that, in theory, money damages were recoverable for claims brought under 42 U.S.C. § 1983 for IDEA violations, Plaintiffs in this case have not asserted a § 1983 claim in their Complaint.  Matula, 67 F.3d at 494-95 (cautioning that in most instances compensatory education would be a more useful remedy than money damages for pain and suffering).  The Court is not aware of, nor have Plaintiffs cited any legal authority that would indicate entitlement to monetary damages were Plaintiffs to prevail on their claims.[3]

Thus, even assuming Plaintiffs prevailed on their IDEA and Rehabilitation Act claims, this Court could not provide any relief in connection with a favorable decision for Plaintiffs.

---

[3] As noted above, Plaintiffs' Complaint also includes a claim under § 504 of the Rehabilitation Act.  While the Third Circuit has held that a plaintiff may seek monetary damages under that statute, Matula, 67 F.3d at 494, Plaintiffs here have not made a claim for this relief, argued the point in this motion, or even raised the issue of such damages in this lawsuit.  Thus, the Court deems a claim for monetary damages waived by Plaintiffs.  See Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991); Lugar v. Texaco, Inc., 755 F.2d 53, 57 n.2 (3d cir. 1985).

Thus, Plaintiffs' claims are moot, and their Complaint must be dismissed.

### 2. Motion For Leave To Amend Complaint

Plaintiffs' cross-motion to for leave to amend the Complaint must be denied. Plaintiffs propose two amendments: (1) a modification of the prayer for relief to request that, instead of directing Defendant to revise the 2002-03 IEP, the Court order the Old Bridge School District to pay for a life coach for K.N. and (2) an expansion of the claim to challenge K.N.'s education for the 2003 to 2006 school years as inappropriate. While Federal Rule of Civil Procedure 15(a) directs that leave to amend a complaint should be freely given, the Supreme Court has held that leave to amend should be denied based, among other reasons, for undue delay, bad faith, undue prejudice, and futility of the proposed amendment. Foman v. Davis, 371 U.S. 178 (1962).

The amendments Plaintiffs seek to make would be futile. When assessing the viability or futility of a proposed amendment, the Court must accept all well-pleaded allegations as true. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). An amendment would be futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. at 1434. In this case, the revised prayer for relief fails on the basis of mootness for the same reasons discussed above. Plaintiffs' desire to challenge additional school years' IEPs in this lawsuit meets an insurmountable procedural roadblock. The IDEA requires that a plaintiff must exhaust the administrative procedures available under the statute, unless recourse to IDEA administrative proceedings would be futile or inadequate, that is, where the relief sought in the civil action is not available in an IDEA administrative proceeding. 20 U.S.C. § 1415(f); Matula, 67 F.3d at 495-96. Our jurisprudence states that the "IDEA mandates resort in the first instance to administrative hearings so as to develop the factual record and resolve evidentiary

8

disputes concerning, for example, evaluation, classification, and placement." Id. at 496 (citing Lester H. v. Gilhool, 916 F.2d 865, 869-70 (3d Cir. 1990)). The Court notes that the proposed amended complaint does not allege that Plaintiffs voiced any objection to the Old Bridge School District regarding the IEPs for the 2003 to 2006 school years nor that they filed for a due process hearing challenging those IEPs. While failure to object to K.N.'s placement for the 2003 to 2006 school years would not necessarily constitute a waiver of his right to an appropriate education, Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 250 (3d Cir. 1999), Plaintiffs are not excused from their obligation to exhaust the available administrative procedures with respect to the additional allegedly inappropriate IEPs. Id. at 250-51 (holding that "a federal IDEA claim accrues at the conclusion of the state administrative process); Matula, 67 F.3d at 496.

The Court also denies Plaintiffs' motion for leave to amend the complaint on the grounds of undue delay. Plaintiffs filed this action on February 6, 2004. They waited over two years later to seek leave to amend the Complaint, and only did so in response to Defendant's motion to dismiss the Complaint. Their belated attempt to salvage this action is unavailing.

    3.    <u>Old Bridge School District's Request For Attorneys' Fees</u>

In its reply brief, Defendant argues because Plaintiffs continued to prosecute their case for months after moving out of the Defendant school district, this Court should award Defendant attorneys' fees. In relevant part, the IDEA provides that

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs –
>
> . . .
>
> (II) to a prevailing party who is a State educational agency or local

9

> educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
> (III) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. §§ 1415(i)(3)(B)(i)(II) and (III).

In exercise of its discretion, the Court declines to award Defendant attorneys' fees.

## IV.　CONCLUSION

For the foregoing reasons, this Court grants Defendant's motion to dismiss, denies Plaintiffs' cross-motion for leave to amend the Complaint and denies Defendant's request for an award of attorneys' fees. An appropriate form of order will be filed together with this Opinion.

                                                    s/ Stanley R. Chesler
                                           STANLEY R. CHESLER
                                          United States District Judge

DATED: November 14, 2006